## In re SAWYER.

(District Court, D. Massachusetts. May 20, 1904.)

### No. 8,027.

1. BANKRUPTCY—LIENS—CONSIDERATION FOR MORTGAGE.
    Under Bankr. Act July 1, 1898, c. 541, § 67e, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449], which requires a "present fair consideration" to support a mortgage given within four months prior to bankruptcy, a mortgage securing notes for $1,500, bearing 6 per cent. interest, for which the consideration was a loan of $1,310, the remainder being for additional interest and bonus, will be sustained, where taken in good faith, but only to the extent of the money actually advanced, with interest.

In Bankruptcy. On review of decision of referee.

Leon R. Eyges, for Wyner.
Alfred W. Putnam, for trustee.

LOWELL, District Judge. Adjudication September 10, 1903. On May 11, 1903, the bankrupt gave a mortgage of personal property to Wyner to secure a debt of $1,500, payable in five installments in two, three, four, five, and six months, with interest at the rate of 6 per cent. By the decree of adjudication this mortgage was decided to have been given with intent to hinder, delay, and defraud the bankrupt's creditors. The referee has found that Wyner accepted the mortgage in good faith. The sum actually advanced by him to the bankrupt was $1,310. Of the balance of $190 included in the mortgage note, Wyner testified that $90 was added by way of interest for six months at the rate of 12 per cent. and $100 as a bonus. He further testified that no other interest was payable on the note. The referee was of opinion that Wyner's claim was good only for $1,310, with interest at 6 per cent., and ordered him to pay the balance arising from the foreclosure sale to the trustee. Twelve per cent. interest and a bonus of $100 are not terms so unconscionable as to justify a court of equity in setting aside a mortgage for inadequacy of consideration. Wyner may be able to prove as creditor for $1,500. We are here considering, not the validity of the debt as against the bankrupt and his estate, but the validity of the creditor's security as against other creditors. Section 67e of the Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]) is much stricter than the rule in equity. It requires, for the validity of a mortgage given within four months of bankruptcy, "a present fair consideration." Where the security is taken for a loan of money, the present fair consideration cannot ordinarily be greater than the sum of money lent—in this case $1,310, with interest. The $90 cannot be

treated as a discount of interest at 12 per cent., because the note provides for payment in five installments, and, even at the rate of 12 per cent., the discount of $90 was excessive.

Judgment of the referee affirmed.